'Chief Justice Robertson
delivered the Opinion of the Court.
Judge Nicholas did n. t sit hi this cuse
This i« a-suit in chancery, instituted in 1830, by Samuel Weisiger, as administrator of Thomas Y. Bryant, who died in 1828, against the heirs, known and unknown, of Andrew Hare, deceased. The bill alleges that, in the year ‘1801, George Hunter and William Hunter, as trustees for Margaret Hare, obtained a judgment in the Lexington District Court against Thomas Todd, executor of the said Andrew Hare, for the sum of £2647 10s. and costs of suit; that Margaret Hare afterwards died, and, by a nuncupative will, devised the said judgment to the said Thomas Y. Bryant; that no part of the judgment had ever been paid; that Todd had no assets; but that a large real estate in Kentucky had descended from his testator, A. Hare, to the children and heirs of the latter, some of whom are alleged to be unknown, and others are described by their proper names, and are averred to be non-residents. The bill seeks a decree subjecting to the judgment so much of the said real estate as shall be necessary to pay the whole amount due thereon. It does not appear that any execution had ever been issued.
The bill was taken for confessed on a certificate of publication : and, thereupon, the general court decreed that, “ the real estate'in the bill mentioned, or so much thereof as may be necessary, be subjected to sale for the payment of the amount of the judgment at law, referred ■to in the bill, to wit, £2647 10s.”
To reverse this decree, this writ of error is prosecuted, with a supersedeas.
There are various objections to the decree, some, if not all, of which are fatal to it.
1st. There is a defect of parties. The personal representive of Andrew Hare ought to have been party. Unless he had been a party, the made *376 decree subjecting the land to the judgment, if in other respects proper, could not be sustained. It was equally necessary that the trustees who obtained the judgment, should have been parties. It does not judicially appear that they were parties.
Land can only be subjected by judgment or decree vs. heirs •for the original debt, not to judgment vs. executor or administrator.
there is'no actual service of proccs?, ami the all?”1-68 tions of the bill to be pro-in5 -1 • Statute 1827, Session Acts, 183, alone authorizes proceeding vs. rules of evidence in actions at law.” (lucre, whether stat. 1S27, authorize decree subjecting land to payment of damages assessed for breach of-oov. enant prior*to Dec. 1792.
• 2nd. The land could not be subjected to the judgment against the executor. It could be rpached only by a judgment or decree against the heirs for the original debt, either upon the covenant or the judgment against the executor. There has been no such judgment or decree against them : and no such decree could be rendered against them in this case without other proof than any contained in this record.
3d. As there was no actual service, the statute of 1827 (Session Acts, 158) furnishes the only authority for any judicial proceeding for subjecting the heirs or their estate : and that statute required the complainant in the bill to execute bond for indernnifying any person who might be injured by thedecree ; and also declares that no bill authorized by s^la^ *a^cen f°r confessed without answer, but that “ the courts shall require proofs of the allegations, according to the rulesof evidence in actions at law.” There was neither bond nor proof in this case. And, surely, some proof was necessary against the heirs, especially as the hill was not filed until more than twenty seven years had elapsed from the date of the judgment, and until after the death of the cestue que trust and of the intestate of the complainant in the bill.
Another objection, still more radical, is made to the decree by tiie counsel for the plaintiffs. They insist that, as the contract on which the judgment was rendered was made before December, 1792, the statute of 1827 should not be so construed as to authorize a decree for subjecting land to the satisfaction of damages assessed for a breach of it. We shall not now decide this point, because there is another objection to the decree which will supercede the expression of an opinion upon a matter so vital to the merits which may he again presented for adjudication in a more regular and effectual manner.,
General uourfc no juris iction where scire of the complainants and «oii.e of the defendants are residents and n(,nre£ito sustain the jurisf'ietionrmust or a^ear'm the record, the jiirisdiebel"gsi-c-
’®7 <1oPS p°«]Sootirt<j”risdiction ó?P! the cases 'r°|,jViwlic*. ti0ñ oi circuit ecu t is oxclusiVP-
Crittenden and Brown, for plaintiffs ; Denny and Triplett, for defendants.
4(1). The general court had no jurisdiction. Unless all the parties were nonresidents, or unless either the complainant or all the defendants were nonresidents, and the other party a citizen or citizens of Kentucky, the general court had no cognisance of the case : and as the jurisdiction of that court is special, the facts necessary to sustain it must be averred, or must oherwise appear in the record. But in this case there is no allegation that Weisiger was a non-resident or that the unknown heirs were nonresidents.
If Weisiger had been a non-resident, even then, as ,the known heirs were non-residents, the general court had no jurisdiction unless the unknown heirs were also non-residents : and if Weisiger had been a citizen resident in this state, the court liad no jurisdiction unless all the persons constituting the adversary party had been non-residents.—Sneed et al. vs. Noffinger, II Littell’s Reports, 80; Lexington Manufacturing Company vs. Dorr, Ib. 256. Banks vs. Fowler, III Ib. 333.
Moreover, if all the necessary facts concerning the character or condition of the parties had been alleged, so as to remove tiie foregoing objection, there is auother which nothing could avoid. Prior to the enactment of the statute of 1827, already referred to, no court in this state had jurisdiction of such a case as this, without actual service of process on the nonresident defendants, or some of them. Therefore, the general court had no jurisdiction unless the statute of 1827 gave it. But we are of opinion, that the statute cannot reasonably or consistently be so construed,as to extend jurisdiction to the general court in the class of cases for which it provides, and to which this certainly belongs Exclusive jurisdiction, in such cases, has been conferred on the circuit courts.
Wherefore, the decree of the general court must be reversed, and the cause remanded, with instructions to dismiss the bill for want of jurisdiction.